### UNITED STATES v. ONE BOOK (NICHOLAS, Claimant).

### SAME v. CERTAIN MAGAZINES (HIMES, Claimant).

District Court, S. D. New York.
June 28, 1937.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for libelant.

Greenbaum, Wolff & Ernst, of New York City (Alexander Lindey and Harriet F. Pilpel, both of New York City, of counsel), for claimants.

GALSTON, District Judge.

On stipulation these two libels were consolidated for the purpose of trial.

From the stipulation of facts it appears that the book, "Parenthood, Design or Accident," and various copies of the magazine, "Marriage Hygiene," arrived at the port of New York by foreign mail, the former from Great Britain, the latter from British India. When the vessels upon which they were carried reached Quarantine, the mail bags containing them were transferred with all other foreign mail to boats operated by the Harbor Mail Service, a branch of the Railway Mail Service of the United States Post Office Department, and were taken on these boats to Pier 83, North River. There all of the mail was unloaded. The mail bags containing the aforesaid articles were then placed in mail trucks and carried to the Morgan Annex of the United States Post Office at the United States Parcel Post building, New York City. There the officials opened the mail bags, and the book and magazines were thence taken to the Customs Bureau of the United States Treasury Department. On examination they were found to contain information relating to contraception.

The libels allege that the book and magazines are nonmailable matter under section 334 of title 18 of the United States Code (18 U.S.C.A. § 334); and that the bringing of these articles into the United States from a foreign country was contrary to section 396 of title 18 of the United States Code (18 U.S.C.A. § 396).

It is also alleged that the book and magazines were knowingly imported or brought into the United States contrary to the aforesaid sections 334 and 396 of title 18 of the United States Code (18 U.S.C.A. §§ 334, 396) and, therefore, subject to forfeiture under the provisions of section 593 (b) of the 1930 Tariff Act (19 U.S.C. § 1593(b), 19 U.S.C.A. § 1593(b). It is not contended that this literature or any part of it is obscene.

Thus the facts are not in dispute and the inquiry is whether title 19, U.S.C. § 1593(b), 19 U.S.C.A. § 1593(b), when taken with sections 334 and 396 of title 18, U.S.C. (18 U.S.C.A. §§ 334, 396), subjects the book and magazines to forfeiture. Each claimant, asserting himself as owner, contends he is entitled to immediate possession, at the same time conceding that the reading matter contains contraceptive information.

Relevant parts of the statutes involved may be quoted as follows:

Title 19, U.S.C. § 1593(b), 19 U.S.C.A. § 1593(b). "Importation contrary to law. If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise contrary to law, or receives, conceals, buys, * * * or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both."

Title 18, U.S.C. § 334, 18 U.S.C.A. § 334 "(Criminal Code, section 211, amended.) * * * and every article or thing * * * intended for preventing conception * * * and every written or printed card, * * * book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly * * * by what means any of the hereinbeforementioned matters, articles, or things may be obtained or made * * * or by what

means conception may be prevented * * * and every paper, writing, advertisement * * * that any article, instrument, substance, drug, medicine, or thing may, or can, be used or applied for preventing conception * * * is hereby declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier. Whoever shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be nonmailable, or shall knowingly take, or cause the same to be taken, from the mails for the purpose of circulating or disposing thereof, or of aiding in the circulation or disposition thereof, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

Title 18, U.S.C. § 396, 18 U.S.C.A. § 396 "(Criminal Code, section 245, amended). Importing and transporting obscene books. Whoever shall bring or cause to be brought into the United States, * * * from any foreign country * * * any * * * pamphlet * * * or other matter of indecent character, or any drug, medicine, article, or thing designed, adapted, or intended for preventing conception * * * or any written * * * circular, book, pamphlet, advertisement * * * giving information, directly or indirectly, where, how, or of whom, or by what means any of the hereinbefore mentioned articles, matters, or things may be obtained or made; * * * shall be fined not more than $5,-000 or imprisoned not more than five years, or both."

It was argued by the claimants that this court has held that reading matter containing contraceptive information may lawfully be imported into the United States. U. S. v. One Book, Entitled "Contraception" (D. C.) 51 F.(2d) 525, 527. In that case the government sought forfeiture of the book "Contraception," alleging violation of section 1305, title 19, U.S.C., 19 U.S.C.A. § 1305 (The Tariff Act of 1930). Though dismissing the libel, Judge Woolsey's opinion shows that whether the book contained birth control information was not material under the act. Quoting from the opinion in U. S. v. One Obscene Book (D.C.) 48 F.(2d) 821, he said: " 'I think that under the Tariff Act under which these books are libeled the only question is whether the books are obscene. * * * So far as birth control matter goes the act prohibits only the importation of drugs, medicine, or other articles for the prevention of conception or causing unlawful abortions. These books, are, of course, not drugs, medicines, or other articles for that purpose, and therefore the only question remaining is whether the books are obscene.' "

Thus section 1305 of title 19, U.S.C., 19 U.S.C.A. § 1305, is not pertinent and is not relied on by the Government in these libels.

■ However, the defendant contends that section 1593(b), title 19, U.S.C.A. applies only to smuggling and irregularities of entry. There is plausibility in the contention, for the title of the act is "Smuggling and Clandestine Importations," and the seizures were certainly not of smuggled goods nor of clandestine importations. It is true that the mere title of the section of the statute would in itself not be conclusive; but the statute is penal and requires, not only that the merchandise shall be forfeited, but also that "the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both." With its penal character thus established, full force and effect must be given to that provision of the statute which defines the crime as an act "fraudulently or knowingly" committed. In other words, though this libel is a civil suit, there is no escaping the implication that the proof must be of the same character and weight as that necessary to convict of a crime.

■ The most that the proof in this case shows is that the Collector of the Customs found the book and the magazines in the mails addressed to the claimants. There is no proof that the claimants "fraudulently or knowingly" imported the articles. Accordingly, the government is driven to reliance on section 615 of the 1930 Tariff Act, 19 U.S.C. § 1615 (19 U.S.C.A. § 1615):

That section in part provides: "§ 1615, Burden of proof in forfeiture proceedings. In all suits or actions brought for the forfeiture of any vessel, vehicle, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant," etc.

It is quite clear that this section is not applicable for the book and magazines sought herein to be forfeited were not

"seized under the provisions of any law relating to the collection of duties on imports or tonnage."

■ Thus an anomalous situation arises owing to the fact that though title 18, U.S.C. § 334, 18 U.S.C.A. § 334 (section 211 of the Criminal Code, amended), declares it to be a crime to use the mails for the purpose of delivering a book or pamphlet of the character seized by the collector of customs, there is no provision for forfeiture of such seized articles; so, too, title 18, U. S.C. § 396 18 U.S.C.A. § 396 (Criminal Code, section 245 amended), which declares it a crime to import any pamphlet or book of the kind seized herein, has no provision for forfeiture.

The libels must therefore be dismissed.